IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMY LOVELADY,

    Petitioner,

v.

JERI TAYLOR,

    Respondent.

Case No. 2:17-cv-00199-BR

**OPINION AND ORDER**

Jeremy Lovelady
Eastern Oregon Correctional Institution
2500 Westgate
SID No. 11717210
Pendleton, OR 97801

    *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Respondent

1 - OPINION AND ORDER

BROWN, Senior Judge.

Petitioner is currently in the custody of the Oregon Department of Corrections. He brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED.

## BACKGROUND

On January 12, 2011, a Washington County jury convicted Petitioner of two counts of Robbery in the First Degree, two counts of Robbery in the Second Degree, and two counts of Unlawful Use of a Weapon. Resp't Exs. (ECF No. 21), Exs. 101, 104. The charges arose out of Petitioner's theft of several bottles of Oxycontin from a Rite Aid pharmacy in Tigard, Oregon.[1] The trial court sentenced Petitioner to a total of 135 months of imprisonment. Resp't Exs. 101, 105.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion. *State v. Lovelady*, 255 Or. App. 826 (2013). Petitioner did not timely file a Petition

---

[1] Petitioner testified at trial that he smoked crack-cocaine and drank alcohol in downtown Portland the night before the robbery, until approximately 3 AM, at which time he summoned an ambulance because he felt he was having a heart attack. Resp't. Ex. 104 at 63, 67-72. At the hospital he was given several medications, including Phenergan, which he testified caused him to "black out" and not remember anything until he "came to" in police custody. *Id.* at 74, 76-78. Consequently, according to Petitioner, although he knows he robbed the Rite Aid, his lack of recollection precluded him from forming the intent to commit a crime. *Id.* at 71-74, 79-87.

for Review with the Oregon Supreme Court, and the appellate judgment issued on June 6, 2013. Resp't Ex. 110.[2]

Petitioner then sought state post-conviction relief ("PCR"). *Lovelady v. Coursey*, Umatilla County Circuit Court Case No. CV140343. Following an evidentiary hearing, the PCR trial court denied relief. Resp't Ex's 120-131. On appeal, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *Lovelady v. Taylor*, 275 Or. App. 1031 (2015).

On February 6, 2017, Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 2) in this Court, alleging two grounds for relief. In Ground One, Petitioner alleges his conviction was "obtained by a violation of the privilege against self-incrimination," because the trial court permitted the state to introduce Petitioner's inculpatory statements at trial. Pet. at 4-5. In Ground Two, Petitioner alleges trial counsel was ineffective for "fail[ing] to object to police officers changing [their] testimony in front of the jury after police just testified they did not know how [Petitioner] understood his *Miranda*[3] rights." *Id.* at 5.

Respondent urges this Court to deny all relief on the basis that both grounds are procedurally defaulted and lack merit. In

---

[2] Petitioner later filed a motion for extension of time to file a petition for review, but the Oregon Supreme Court dismissed the motion on February 16, 2016. Resp't Ex. 140 at 9.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

his supporting brief Petitioner does not address procedural default.[4]

**DISCUSSION**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. See 28 U.S.C. § 2254(b)(1)(A). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his federal claim to the appropriate state courts at all stages afforded under state law, in the manner required by the state courts, thereby affording the state courts an opportunity to correct alleged violations of its prisoner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004); *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005). In Oregon, where review in the highest court is discretionary, a prisoner must still petition the highest court for review in order to exhaust his claim properly. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If a state prisoner's claim is procedurally defaulted, federal habeas corpus review is barred unless he can demonstrate: (1) cause for the procedural default, and (2) actual prejudice

---

[4] On February 8, 2017, this Court appointed counsel to represent Petitioner in this matter. ECF No. 6. Following several motions to replace counsel, on September 11, 2017, this Court ultimately granted Petitioner's Motion to Proceed *Pro Se*. ECF No. 38.

will result if the Court does not consider the claim. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Procedural default of available state remedies may also be excused when the failure to consider the claims will result in a miscarriage of justice on a colorable showing of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

I.  Ground One

In Ground One, Petitioner alleges the trial court erred by allowing the state to present Petitioner's inculpatory statements to the jury. According to Respondent, Petitioner's Ground One is procedurally defaulted because it was not raised at trial or on direct appeal. Resp't Resp. (ECF No. 41) at 10-11. Petitioner does not address procedural default. *See generally,* Pet'r's Br. in Supp.(ECF No. 48).

Indeed, on direct appeal, Petitioner's appellate counsel filed Part A of a *Balfour*[5] brief indicating she could not identify any arguably meritorious issues. Resp't Ex. 106. In Petitioner's *pro se* Part B of the brief, he alleged the sentencing court violated *U.S. v. Booker*, 543 U.S. 220 (2005), by

---

[5] Pursuant to *State v. Balfour*, 311 Or. 434 (1991), when an attorney does not believe any meritorious appellate issues exist she prepares and signs a statement of facts and procedural history (Part A of the brief), and invites the petitioner to prepare his own section (Part B of the brief) assigning error where he deems appropriate.

using facts not established by a jury to determine his sentence. Resp't Ex. 107. Plaintiff did not assert a claim that the trial court erred in admitting his inculpatory statements. Accordingly, plaintiff procedurally defaulted his trial court error claim alleged in Ground One.

On appeal, in his state PCR proceeding, plaintiff did assign error to the trial court's admission of the inculpatory statements. Resp't Ex. 134. However, he did not assert the claim to the PCR trial court, so it would not have been considered on appeal. Resp't Ex. 120; Or. R. App. Pro. 5.45(2),(3) (2017). In any event, trial court errors in Oregon must be raised by direct appeal, not in a collateral state PCR proceeding. *See Kellotat v. Hoyt*, 719 F. 2d 1027, 1030 (9th Cir. 1983); *Palmer v. State*, 318 Or. 352, 356-58 (1994).

In short, this Court concurs with Respondent that Petitioner did not properly present the claim alleged in Ground One at all appropriate stages afforded under Oregon law. Since he can no longer do so, the claim is procedurally defaulted. In addition, Petitioner has not established cause and prejudice to excuse this procedural default, or that failure to consider the claim will result in a miscarriage of justice. Therefore, Petitioner is not entitled to habeas relief on the claim alleged in Ground One.

II. Ground Two

Respondent contends Ground Two is also procedurally defaulted because although Petitioner raised a claim of

6 - OPINION AND ORDER

ineffective assistance of counsel before the PCR trial court, he failed to assert it on appeal of the PCR trial court's decision to the Oregon Court of Appeals. Resp't Ex. 134. Nevertheless, Respondent concedes that Petitioner's opening brief on post-conviction appeal does reference alleged trial-counsel error. Specifically, the "summary of facts" section refers to trial counsel's alleged "fail[ure] to properly investigate, research, or argue in support of petitioner's pre-trial motion to exclude petitioner's statements that were obtained in violation of petitioner's privilege against self-incrimination under Article I, section 12, of the Oregon [C]onstitution, and the Fifth and Fourteenth Amendments to the United States Constitution," and alleged "fail[ure] to object or question . . . the police in the same fashion for the jury to hear." Resp't Ex. 134 at 10-11.

While Petitioner's reference to the deprivation of federal constitutional rights may have sufficed to alert the appellate courts that Petitioner sought to raise a federal constitutional claim, his presentation of the ineffective assistance of counsel issues did not comply with the Oregon Rules of Appellate Procedure, meaning the appellate courts would not have taken these references as an allegation of the deprivation of Petitioner's federal rights.

Specifically, under the Oregon Rules of Appellate Procedure, assignments of error "must be separately stated under a numbered heading" in the opening brief, and "must identify precisely the

legal, procedural, factual, or other ruling that is being challenged." See Or. R. App. Pro. 5.45(2),(3) (2017). Petitioner presented two assignments of error, neither of which was an ineffective assistance of counsel claim.[6]

In any event, under Oregon appellate rules, "No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court," which Petitioner must show by, *inter alia*, specifying in the opening brief the stage in the proceedings when the issue was previously presented, quoting the record, and providing page references, under the subheading "Preservation of Error." *Id.* at 5.45(1),(4). Although Petitioner's opening brief does contain a preservation of error section, there is no information about an ineffective assistance of counsel claim.

Consequently, this Court concurs with Respondent that Petitioner did not fairly present the claim alleged in Ground Two at all appropriate stages afforded by Oregon law. As previously stated, Petitioner does not address procedural default in his briefing, and therefore fails to show cause and prejudice, or

---

[6] In his opening brief on post-conviction appeal to the Oregon Court of Appeals, Petitioner presented the following two assignments of error: (1) "The trial *court* erred when the trial process continued while the defendant's rights were violated. The defendant suffered prejudice from the *states attorney* eliciting, or allowing false testimony." (2) "The circuit court erred when the department of justice failed to appear for petitioner's post-conviction matter, and was not held liable." Resp't Ex. 134 at 12 (emphasis added).

that failure to consider the claim will result in a miscarriage of justice. Accordingly, Petitioner is not entitled to habeas relief on the claim alleged in Ground Two.

## **CONCLUSION**

Based on the foregoing, Petitioner's habeas corpus petition (ECF No. 2) is DENIED, and this proceeding is DISMISSED. Petitioner's Motion for Resources to Have Altered Trial Disc Annualized [sic] for Proof of Tampering (ECF No. 40) is also DENIED.

The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 31st day of May, 2018.

                                                                  Anna J. Brown
                                                                  United States Senior District Judge
                                                                  District of Oregon